JAMES M. WHITELAW (State Bar No. 171974)
*jwhitelaw@twtlaw.com*
WILLIAM J. KOLEGRAFF (State Bar No. 183861)
*bkolegraff@twtlaw.com*
CAROLYN N. KO (State Bar No. 223540)
*cko@twtlaw.com*
**THOMAS WHITELAW & TYLER LLP**
18101 Von Karman Avenue, Suite 230
Irvine, California  92612-7132
Telephone:   (949) 679-6400
Facsimile:    (949) 679-6405

NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT

Attorneys for Defendants PLATFORM ENTERPRISES, a California corporation d/b/a AM/PM Mini Market; HASSAN Y. ESSAYLI; ALI ESSAYLI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| TRACFONE WIRELESS, INC., a Delaware Corporation,<br><br>             Plaintiff,<br><br>      vs.<br><br>PLATFORM ENTERPRISES, a California Corporation, d/b/a AM/PM Mini Market; HASSAN Y. ESSAYLI; ALI ESSAYLI; and DOES 1-10,<br><br>             Defendants. | CASE NO. SACV07-1460 AG (MLGx)<br><br>**STIPULATED PROTECTIVE ORDER AND ORDER THEREON** |

The parties to this Stipulation ("Stipulation") and protective order thereon ("Order") are Plaintiff TRACFONE WIRELESS, INC. ("Tracfone"), and Defendants PLATFORM ENTERPRISES ("Platform"), HASSAN Y. ESSAYLI ("H. Essayli") and ALI ESSAYLI ("A. Essayli") (collectively, "Defendants").  The parties stipulate that the Court shall enter a protective order as set forth herein.

1.      **PURPOSES AND LIMITATIONS:**

Disclosure and discovery activity in this action may involve the production of proprietary and/or confidential information for which special protection from public

disclosure and from use for any purposes other than prosecution or defense of this litigation would be warranted.  Accordingly, the parties hereby stipulate to the terms and conditions of this order, and petition this court to enter the following stipulated protective order.  In doing so, the parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection that it affords extends only to the limited information or items that are entitled under the applicable legal principles and this agreement to be treated as confidential.  The parties further acknowledge that this Order creates no entitlement to file confidential information under seal with the Court yet further acknowledge that they may file confidential information conditionally under seal pursuant to court procedures.

**2.    DEFINITIONS:**

  2.1 <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

  2.2 <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, documents, testimony, transcripts or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

  2.3 <u>"Confidential" Information or Items</u>:

    A. The designation "CONFIDENTIAL" may be applied by a party to any type of information which that party believes in good faith to constitute, contain, reveal or reflect proprietary or confidential customer, supplier, financial, business, technical, personnel or related information.

    B. "Confidential Information" refers to all information which is subject to the designation "CONFIDENTIAL" as described above.

  C. A document may be designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" when it contains information that qualifies as "CONFIDENTIAL" under Section 2.3(A) and constitutes highly sensitive technical information, financial information, trade secrets, strategic plans, business information such as vendors, costs, pricing, customer, or other information which might put the designating party at a competitive disadvantage if the information became known to management or employees of the receiving party or to third parties. By way of non-limiting example, purchase orders and invoices, and testimony relating thereto, are likely to constitute highly sensitive business information regarding price, cost, and quantity.

2.4 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5 <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6 <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.7 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.8 <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action (as well as their support staff). The present Outside Counsel for the parties to this Stipulated Protective Order are:

  (1) Thomas Whitelaw & Tyler LLP on behalf of Platform,

H. Essayli and A. Essayli;

(2) Carlton Fields, P.A. on behalf of Tracfone; and

(3) Kohut & Kohut, LLP on behalf of Tracfone.

2.9 <u>House Counsel</u>: attorneys who are employees of a Party or any parent, subsidiary and/or affiliate of a Party (as well as their support staff). Each of the Parties agree to designate and advise the other Parties of the names of such House Counsel, if any. House Counsel includes the attorneys employed by the Parties, including but not limited to full or part-time attorneys employed by the Parties or independent contractor lawyers who are not Outside Counsel contracted for work on this matter by the Parties.

2.10 <u>Counsel (without qualifier)</u>: Outside Counsel and House Counsel (as well as their support staff).

2.11 <u>Experts and Consultants</u>: A person in a matter pertinent to the litigation who has been retained by a Party, or its counsel, to serve as an expert witness or as a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.12 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. **SCOPE:**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof.

4. **DURATION:**

This Stipulation and Order and the confidentiality obligations imposed therein shall be in effect from the date of full execution of this Stipulation and shall remain in effect thereafter unless terminated by mutual agreement of the parties or by

further court order.

**5.     DESIGNATING PROTECTED MATERIAL:**

    5.1     <u>Exercise of Restraint and Care in Designating Material for Protection—Limitation on Designated Material</u>.  Each Party or non-party that designates information or items for protection under this Order must take the highest degree of care, consistent with the protections afforded under this Order, to limit any such confidential designation to specific material that qualifies under the appropriate standards.  A Designating Party must take the highest degree of care, consistent with the protections afforded under this Order, to designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    5.2     <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  If a party believes that the basis for marking a document as "Confidential" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" is not readily apparent from the information or the document, the Receiving Party shall notify the Designating Party and follow the meet and confer and other requirements of Local Rule 37 prior to bringing any motion to change the designation of a document.  Designation in conformity with this Order requires:

        (a)     for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page that contains protected material.  If only a portion or portions of the

material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and indicating that the portion is being marked ("CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY").

(b) Deposition or other testimony shall be designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY"  either at the time of testimony or within fifteen days of receipt of the written transcript.  Until such designations are made, the transcript will be treated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and must not be used by the receiving party other than in accordance with the protective order. Only those portions of the testimony that are appropriately designated for protection shall be covered by the provisions of this Stipulated Protective Order. Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to each such page the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" as instructed by the Party offering or sponsoring the witness or presenting the testimony.

(c) for information produced in some form other than documents, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or

"CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS:**

   6.1   <u>Timing of Challenges</u>.  A party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

   6.2   <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must comply with Local Rule 37.

7. **ACCESS TO AND USE OF PROTECTED MATERIAL:**

   7.1   <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by the Producing Party in connection with this case only for prosecuting, defending or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11 below (FINAL DISPOSITION).

   Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

   7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

   (a)   The Receiving Party's Outside Counsel of record in this

action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation.  A warranty and representation is made by all Outside Counsel who sign this Stipulation, or who are bound by it, that they and their employees shall comply with the terms hereof;

(b) Officers, directors, and employees (including House Counsel) of the Receiving Party, and, including employees and independent contractor lawyers (who are not Outside Counsel) to whom disclosure is reasonably necessary for this litigation, all of whom shall be bound by this Protective Order and its provisions by agreement of the Receiving Party to this Stipulation through its counsel.  The Receiving Party will take responsibility for compliance with this Order as to disclosures to any independent contractor lawyers (who are not Outside Counsel) and employees of the Receiving Party.  If a former employee of a Receiving Party is to receive and review Protected Material, such former employee may receive Protected Material if reasonably necessary for this litigation but shall first sign the "Agreement To Be Bound By Protective Order" (Exhibit "A");

(c) Experts and consultants (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement To Be Bound By Protective Order" (Exhibit "A");

(d) The Court and its personnel.  The Parties hereto

acknowledge and agree that any records lodged under seal will become part of the public record unless the Designating Party obtains a court order sealing the record;

(e) Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(f) During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement To Be Bound By Protective Order" (Exhibit "A") or who otherwise agree to be bound by this Stipulation and Order.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) The author of the document or the original source of the information.

(h) Members of the jury, if any, in this case.

(i) Upon requirement for Protected Material for audit by governmental authorities, including without limitation, any federal, state or local governmental bodies charged with and responsible for regulating and licensing contractors, insurance companies and surety companies , such governmental entities may be provided with Protected Material.

(j) Upon demand or request for audit, reinsurers of the sureties who are party to this action may be provided access to Protected Material.  Prior to the disclosure of any

such Protected Material, the party providing the Protected Material must first require that an authorized representative of any such reinsurers first sign the "Agreement To Be Bound By Protective Order" (Exhibit "A").

7.3 <u>Disclosure of "CONFIDENTIAL – ATTORNEY'S EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to the Court and Court personnel, to the Receiving Party's Outside Counsel of Record, and to the persons designated below:

    (a) independent experts or consultants who have executed Exhibit A (together with their clerical staff) retained by Receiving Party's Outside Counsel of Record to assist in the prosecution, defense, or settlement of this action, but disclosure shall not be made to such persons if they provide services, as an employee or otherwise, to a competitor of the Designating Party;

    (b) court reporter(s) and videographer(s) employed in this action;

    (c) witnesses in any deposition or other proceeding of this action who are from the face of the Protected Materials, an author or recipient of the Protected Materials;

    (d) outside commercial copying, document imaging and litigation support services; and

    (e) any other persons as to who the parties agree in writing, or as designated as permitted by order of this Court after notice to all parties.

1    Nothing herein shall prevent the designating party from using or disclosing its own "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in any manner that the Designating Party sees fit.

7.4   <u>Responding to Subpoenas and Similar Requests</u>.  If a Party receives a subpoena, discovery request, or other similar request that seeks the disclosure of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or items, the Party receiving such request shall provide notice of such request to the Designating Party of the information or items subject to the request, so that the Designating Party may seek to quash the subpoena or otherwise file an appropriate objection seeking to prevent the disclosure.  If the Designating Party fails to make or prevail in such objection, the information or items sought may be disclosed in response to the request.

**8.    FILING PROTECTED MATERIAL:**

A Party that seeks to file under seal any Protected Material marked "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" must comply with the guidelines provided under federal law and any local rules in order to obtain an Order allowing such filing under seal.

**9.    REDACTION OF NON-RESPONSIVE INFORMATION:**

9.1   <u>Exercise of Restraint and Care in Designating Material for Redaction—Limitation on Redacted Material</u>.  Each Party or non-party that designates information or items for redaction under this Order must take the highest degree of care, consistent with the protections afforded under this Order, to limit any such redactions to specific material that is clearly non-responsive to discovery requests made in this action, subject to the Producing Party's stated objections.  A designating party must take the highest degree of care, consistent with the protections afforded under this Order, to redact from view only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which

protection is not warranted are not swept unjustifiably within the ambit of this Order.

    9.2    <u>Manner and Timing of Redactions</u>.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for redaction under this Order must be clearly so redacted before the material is disclosed or produced.  If a party believes that the basis for redacting a document (or any portion of a document) is not readily apparent from the information or the document, the Receiving Party shall comply with the procedures set forth in Local Rule 37.  Redaction in conformity with this Order requires:

    (a)    for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "REDACTED" on each fully-redacted page.  If only a portion or portions of the material on a page qualifies for redaction, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins or making redactions using a bold, black, pen stroke) or otherwise indicating that the portion is being redacted ("REDACTED").

    (b)    The redacting party shall provide, for the redactions, a description of the redacted matter sufficient for the non-redacting party to evaluate the appropriateness of the redaction under this Order.  The description pursuant to this subparagraph shall be delivered along with the initial production of the redacted page or pages.

**10.    CHALLENGING REDACTIONS:**

    10.1    <u>Timing of Challenges</u>.  A party does not waive its right to challenge a redaction by electing not to mount a challenge promptly after the original redaction

is disclosed.

    10.2   <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Party's redaction must do so in good faith and must comply with Local Rule 37.

**11.    <u>FINAL DISPOSITION</u>:**

Unless otherwise ordered or agreed in writing by the Producing Party after the final termination of this action through the entry of a final judgment, including after conclusion of all appeals thereof, or the execution of a settlement agreement, and upon written demand by Producing Party, each Receiving Party shall return all Protected Material within sixty (60) days, if requested in writing to do so by the Designating Party.  As used in this subdivision, "all Protected Material" includes all copies or any other form of reproducing or duplicating any of the Protected Material.  As for any abstracts, compilations, summaries of any or any other form of reproducing or capturing any of the Protected Material, the Receiving Party shall destroy such material at the written request of the Producing Party.  Notwithstanding this provision, Receiving Parties are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

**12.    <u>MISCELLANEOUS</u>:**

    12.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    12.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or items on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

    12.3.  This Protective Order shall not restrict the use or disclosure of

1 documents or portions of documents that: (a) are in the public domain at the time of
2 the use or disclosure; (b) become part of the public domain after the time of the use
3 or disclosure, through no fault of the receiving party; (c) were received from a third
4 party who was under no obligation of confidentiality to the Designating Party; or (d)
5 are derived or obtained independently of the use or disclosure.

6     12.4. Upon termination of this action, the Court may exercise jurisdiction for
7 the purpose of enforcing this Order.

8     IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

10 DATED: March \_\_\_\_\_, 2008    THOMAS WHITELAW & TYLER LLP

12     By: _____
13         JAMES M. WHITELAW
        WILLIAM C. KOLEGRAFF
14         CAROLYN N KO
15         Attorneys for Defendants PLATFORM
        ENTERPRISES, a California corporation
16         d/b/a AM/PM Mini Market; HASSAN Y.
        ESSAYLI; ALI ESSAYLI
17

18 DATED: March \_\_\_\_\_, 2008    KOHUT & KOHUT, LLP
19

20

21     By: _____
        MEGAN L. WAGNER
22         SARAH K. KOHUT
        Attorneys for Plaintiff TRACFONE
23         WIRELESS, INC.

| | | |
|---|---|---|
| 1 | DATED: March _____, 2008 | CARLTON FIELDS, P.A. |
| 2 | | |
| 3 | | By: _____ |
| 4 | | JAMES B. BALDINGER<br>MARIA MONTENEGRO |
| 5 | | Attorneys for Plaintiff TRACFONE WIRELESS, INC. |

    IT IS SO ORDERED: The Parties' Stipulation is accepted this 27th day of March 2008.

_____
The Honorable Andrew J. Guilford
United States District Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court, Central District of California on _____ [date] in the case of *Tracfone Wireless, Inc. v. Platform Enterprises, etc. et al*, Case No. SACV07-1460 AG (MLGx).

I agree to comply with and to be bound by all the terms and conditions of this Stipulated Protective Order and I understand and acknowledge that my failure to so comply could expose me to liability to the Designating Party for damages or injunctive relief for a breach of this Stipulated Protective Order. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court, Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

DATED:_____, 2008

_____
City and State where sworn and signed

_____
Printed Name

_____
Signature