JS-6

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| TRACFONE WIRELESS, INC., a Delaware corporation,<br><br>    Plaintiff,<br>v.<br><br>PLATFORM ENTERPRISES, a California Corporation, d/b/a AM/PM Mini Market; HASSAN Y. ESSAYLI; ALI ESSAYLI; and DOES 1-10,<br><br>    Defendants. | Case No. SACV 07-1460 SGL (MLGx) |

**FINAL JUDGMENT OF PERMANENT INJUNCTION AGAINST DEFENDANTS PLATFORM ENTERPRISES D/B/A AM/PM MINI MARKET, HASSAN Y. ESSAYLI; ALI ESSAYLI**

Plaintiff, TracFone Wireless, Inc. ("TracFone"), brought the above-captioned lawsuit against Defendants Platform Enterprises, a California corporation, d/b/a AM/PM Mini Market; ("Platform"), Hassan Y. Essayli, individually, and Ali Essayli, individually (Platform, Hassan Y. Essayli and Ali Essayli are collectively referred to as "Defendants"), alleging that Defendants are engaged in an enterprise involving the acquisition, sale and alteration of large quantities of TracFone and TracFone's NET10 branded prepaid wireless telephones ("TracFone/NET10 Prepaid Phones" or "Phones") purchased from various retail outlets such as Wal-Mart, Target and Sam's Club, the solicitation and payment of others to bulk purchase TracFone/NET10 Prepaid Phones for Defendants' benefit, disabling the prepaid software ("TracFone/NET10 Prepaid Software") installed in the Phones essential for consumers to access TracFone's prepaid wireless network, or reselling the Phones to others who disable the software, and ultimately selling the altered Phones as new under TracFone's trademarks for the unauthorized use outside of the TracFone prepaid wireless system for profit (the "Bulk Resale Enterprise").

14817533.1

As a result of Defendants' alleged involvement in the Bulk Resale Enterprise, TracFone asserted claims against the Defendants for federal trademark infringement under 15 U.S.C. § 1114; federal unfair competition under 15 U.S.C. § 1125(a); contributory trademark infringement; copyright infringement under Title 17 of the United States Code; circumvention of technological measures that control access to copyrighted software and trafficking in services that circumvent technological measures protecting copyrighted software under 17 U.S.C. § 1201, *et. seq.* as a violation of the Digital Millennium Copyright Act ("DMCA"); breach of contract; tortious interference with prospective contractual relationships; common law unfair competition; and dilution of TracFone's trademarks under California Business & Professional Code § 14200, *et. seq.*  Accordingly, it is hereby,

**ORDERED**, **ADJUDGED** and **DECREED** that:

1. This Court has jurisdiction over all the parties and all of the claims set forth in TracFone's complaint.

2. The Court finds that TracFone owns all right, title, and interest in and to Incontestable United States Trademark Registration No. 2,114,692, issued November 18, 1997, for TracFone and Incontestable United States Trademark Registration No. 2,71,017, issued September 9, 2003, for TracFone (the "TracFone Trademarks").  The TracFone Trademarks are valid, incontestable, distinctive, protectable, famous, have acquired secondary meaning and are associated exclusively with TracFone.  TracFone also holds a valid copyright on the TracFone Prepaid Software.

3. The Court finds that the Defendants' involvement in the Bulk Resale Enterprise if proven as alleged would constitute federal trademark infringement under 15 U.S.C. § 1114; federal unfair competition under 15 U.S.C. § 1125(a); contributory trademark infringement; copyright infringement under Title 17 of the United States Code; circumvention of technological measures that control access to copyrighted software and trafficking in services that circumvent technological measures protecting copyrighted software under 17 U.S.C. § 1201, *et. seq.* as a violation of the DMCA; breach of contract; tortious interference with prospective contractual relationships; common law unfair competition; dilution of TracFone's trademarks under California Business & Professional Code § 14200, *et. seq*.

4. The Court further finds that Defendants' participation in the Bulk Resale Enterprise if proven as alleged would have caused substantial and irreparable harm to TracFone, and would continue to cause substantial and irreparable harm to TracFone unless enjoined.

5. TracFone is entitled to injunctive relief and damages on the claims set forth in the Amended Complaint.

6. On November 27, 2006, the Librarian of Congress, upon the recommendation of the Register of Copyrights, issued a Final Rule setting forth six (6) classes of copyrighted works that are exempt from the provisions of the DMCA, including:

> Computer programs in the form of firmware that enable wireless telephone handsets to connect to a wireless telephone communication network, when circumvention is accomplished for the sole purpose of lawfully connecting to a wireless telephone communication network.

71 Fed. Reg. 68472 (Nov. 27, 2006) (amending 37 C.F.R. § 201.40(b)). However, the facts alleged in the complaint, if proven, describe acts which would not come within the scope of this exemption. *See TracFone v. Dixon*, 475 F.Supp.2d 1236, 1238 (M.D.Fla. 2007).

7. Final judgment of permanent injunction is hereby entered against Defendants Hassan Y. Essayli, individually, Ali Y. Essayli, individually, and Platform Enterprises, a California corporation, and in favor of the Plaintiff, TracFone Wireless, Inc., on all of the claims set forth in TracFone's complaint.

8. Defendants and each and all of their representatives, agents, employees and any and all persons and entities who Defendants control shall be and hereby are PERMANENTLY ENJOINED from:

  a. purchasing and/or selling any prepaid wireless mobile phone that they know or should know bears any TracFone Trademark or any other trademark owned or used by TracFone, or any other model of prepaid wireless mobile phone sold or marketed by TracFone ("TracFone/NET10 Handsets").  Specifically, Defendants are enjoined from purchasing and/or selling all models of TracFone/NET10 prepaid Handsets currently offered for sale by TracFone, or that may be offered for sale in the future, as listed and updated from time to time on TracFone's and NET10's websites, http://tracfone.com/activation_pick_brand.jsp and www.net10.com, including without limitation the following TracFone/NET10 Prepaid Phones:

| | | |
|---|---|---|
| Motorola W370 | Motorola C155 | Nokia 1112 |
| Motorola C261 | Motorola C343 | Nokia 1600 |
| Motorola C139 | Nokia 2126 | Nokia 2285 |
| Motorola V176 | Nokia 2126i | LG 3280 |
| Motorola V170 | Nokia 2600 | LG CG225 |
| Motorola V171 | Nokia 1100 | LG 1500 |

  b. reflashing and/or unlocking of any TracFone/NET10 Prepaid Phone;

  c. accessing, altering, erasing, tampering with, deleting or otherwise disabling TracFone's proprietary prepaid cellular software contained within any and all models of TracFone/NET10 Prepaid Phones;

  d. facilitating or in any way assisting other persons or entities who Defendant knows or should know are engaged in reflashing and/or unlocking TracFone/NET10 Prepaid Phones and/or hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in TracFone/NET10 Prepaid Phones;

  e. facilitating or in any way assisting other persons or entities who Defendant knows or should know are engaged in any of the acts prohibited under this permanent injunction including, without limitation, the buying and/or selling of unlocked TracFone/NET10 Prepaid Phone; and

  f. knowingly using the TracFone/NET10 Trademarks for the purpose of selling Prepaid Phones without TracFone's prior written authorization.

 9. The last known address of Defendant Hassan Y. Essayli is 18572 Paseo Pizarro, Irvine, California 92603.

 10. The last known address of Defendant Ali Y. Essayli is 9651 Graham Street, Apartment 88, Cypress, California 90630.

 11. The last known address of Platform Enterprises is 23102 Terra Drive, Laguna Hills, California 92653.

 12. The address of Plaintiff, TracFone Wireless, Inc. is 9700 N.W. 112th Avenue, Miami, Florida 33178.

13. The Court retains jurisdiction over this matter and the parties to this action in order to punish any violation of the terms of this Permanent Injunction by a finding of contempt and a payment of damages to TracFone Wireless, Inc. in an amount of $5,000 for each TracFone/NET10 Handset that Defendant is found to have purchased, sold, or unlocked in violation of this injunction. The Court finds that these amounts are compensatory and will serve to compensate TracFone for its losses in the event Defendants violate the terms of this Order.

14. The prevailing party in any proceeding to enforce compliance with the terms of this Permanent Injunction shall be entitled to an award of its attorneys' fees and costs.

15. The Stipulated Protective Order and Order Thereon entered March 27, 2008 [DE 48] is hereby VACATED. The Court further orders that the parties will keep all documents exchanged between them as confidential and will not share or use these documents in any way except as agreed to in writing by the parties.

**DONE AND ORDERED** in Riverside, California this 1st day of April, 2009.

_____
THE HONORABLE STEPHEN LARSON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel and pro se litigants of record.

14817533.1